out of the state. We will continue the case but decline to impose terms.

———◆———

STATE *vs.* JOSEPH LAPISTA and WILLIAM FUCELLO.

1. CRIMINAL LAW—JURY—RECOMMENDATION TO MERCY.

Where a defendant admits his guilt and asks a recommendation of mercy by the jury, the request is a matter within the sound discretion of the jury.

2. LARCENCY—OFFENSE—ELEMENTS.

"Larceny" is the felonious taking and carrying away of the personal goods of another, with intent to convert them to his (the taker's) use, without consent of the owner.

3. ROBBERY—OFFENSE—ESSENTIALS.

In a prosecution under *Rev. Code* 1915, § 4716, denouncing the offense of highway robbery, the state must show that defendant, by violence or by putting in fear, took from the prosecuting witness some article, the subject of larceny, etc., but the degree of violence is immaterial.

4. CRIMINAL LAW—"ACCOMPLICE"—PRINCIPAL.

Under *Rev. Code* 1915, § 4806, one who abets, procures, commands, or counsels another to commit a crime is an "accomplice," and equally criminal as a principal.

(*December* 11, 1918.)

BOYCE and RICE, J. J., sitting.

*Percy Warren Green*, Deputy Attorney-General, for the State.

*Leonard E. Wales* for the accused Fucello; *Philip L. Garrett* for the accused Lapista.

Court of General Sessions, New Castle County, November Term, 1918.

INDICTMENT No. 131, September Term, 1918.

Joseph Lapista and William Fucello were indicted jointly for highway robbery. Verdict of guilty.

The indictment was found under *Rev. Code* 1915, § 4716, and it charged that Joseph Lapista and William Fucello, of, etc., on, etc., with force and arms; at, etc., in the highway leading from Front street to Second street, commonly called Lombard street,

did in and upon Jerome Russell feloniously make an assault, and him the said Jerome Russell did put in bodily fear, and did then and there feloniously take from him one pocketbook of the value, etc., and certain paper money of the aggregate value, etc., being the goods and chattels of the said, etc.

There was evidence that the accused came upon the said Russell, he being under the influence of intoxicating liquor, on Lombard street, near Front street in the city of Wilmington at about eleven thirty o'clock on the night of September twelfth, 1918, and that they threw him down upon a cellar door on said street and took from him his pocketbook, containing thirty-two dollars, and that while they were still standing over him, a police officer, coming from behind an ice wagon, arrested both of them. A blackjack was found upon one of them and the pocketbook of Russell was found in the possession of the other.

Lapista, admitted his guilt to the jury, and, after proving his previous good character, his counsel requested the jury to return a verdict of guilty against him *with a recommendation of mercy.* Fucello denied his guilt and introduced evidence to establish an alibi.

Mr. Wales, for Fucello, requested the court, after the charge proper in a case of highway robbery, to instruct the jury that they should be governed by their own recollection of the testimony and not by statements of counsel on either side respecting it.

BOYCE, J., charging the jury in part:

The indictment against the accused is found under *Rev. Code* 1915, § 4716, which, in part, is:

"If any person shall feloniously take from the person of another by violence, or by putting in fear, any money, or other property, or thing, which may be the subject of larceny, he shall be deemed guilty of robbery and felony; and, if such robbery be committed on or near the highway,  *  *  * he shall be," etc.

The statute enumerates the elements of the offense. A robbery committed on or near the highway constitutes what is commonly known as "highway robbery." Lombard street is a highway in this city.

Charge.

[1]   Lapista, one of the accused persons, admits his guilt, and through his counsel asks for recommendation of mercy by the jury.   The request is a matter within your sound discretion under the circumstances.

[2, 3]   The accused are jointly charged with the felonious taking from the person of the prosecuting witness, in the highway commonly known as Lombard street, near Front street, in this city, on the night of September twelfth, 1918, by violence and by putting in fear, his pocketbook and certain money therein, the subjects of larceny, and, therefore, the subjects of robbery. Larceny is defined to be the felonious taking and carrying away of the personal goods of another with the intent to convert them to his (the taker's) use without the consent of the owner.   It is incumbent upon the state to satisfy you beyond a reasonable doubt that there was such a taking by the accused from the person of the prosecuting witness, or in his presence, on the highway in this city, and that such taking was accomplished by violence, or by putting in fear, at or prior to the taking.   The degree is immaterial, and putting in fear of personal injury is enough.

Fucello denies that he had any part in the commission of the offense; and he has introduced evidence to establish an alibi, by which is meant that he was not present at the time and place of the commission of the offense.   If he was not present and had no part in committing the offense, your verdict as to him should be not guilty.

· [4]   By statute, *Rev. Code* 1915, § 4806, it is provided:

"Whoever shall abet, procure, command or counsel any other person, or persons, to commit any crime, or misdemeanor, shall be an accomplice and equally criminal as the principal offender.   *   *   *   "

So that if you find from the evidence that Russell was actually robbed by Lapista, who admits his guilt, and not by Fucello, nevertheless, if Fucello was there abetting, procuring, commanding or counselling Lapista in the robbery, then he is equally guilty.

You are to determine from all the evidence before you, considered in connection with the law declared by the court, whether

each of the accused is or is not guilty. Your verdict should be based upon your recollection of the testimony, aided, it, may be by comments of counsel consistent with the testimony. Statements of counsel not in harmony with the testimony, if any such were made, should have no controlling influence in reaching your verdict. * * *

Verdict, guilty as to each with recommendation of mercy.